IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

RECEIVED

MAR 0 ? 2006

U.S. DISTRICT COURT
HARTFORD, CONN.

LESTER JON RUSTON,                          §

     Plaintiff,                          §     COMPLAINT

vs.                                          §     JURY TRIAL DEMANDED

WORLD WRESTLING ENTERTAINMENT, ET AL        §     CIVIL ACTION NO. _3:06cv 711 (AHN)_
VINCE MCMAHON, JR.
                                             §
     Defendants,                         §

---

Preliminary Statement:

This is a civil rights action by Lester Jon Ruston #26834-177, who is a **civil** detainee at the Medical Center for Federal Prisoners, due to the allegations of "fact" contained herein, in large part, for damages and injunctive relief under 42 U.S.C. § 1983, alleging that the Defendants have engaged in an organized criminal conspiracy to violate the civil and constitutional rights of the Plaintiff, in alleged criminal violation of Title 18 U.S.C. §'s 241, 2, 1113, 1513, 1512, 2340 and 2261(a) since the year 2000, which is ongoing for reasons unknown to the Plaintiff. Plaintiff alleges the torts of assault and battery, conspiracy to commit attempted murder, interstate "stalking", abuse of process, slander, libel, obstruction of justice, interfering with contracts for employment, invasion of privacy, plaigarism and the torts of legal and medical malpractice negligence.

Jurisdiction:

1.    The Court has jurisdiction over the Plaintiff's claims of violation of Federal Constitutional Rights under 28 U.S.C. §§ 1331 and 1343.

2.    The Court has supplemental jurisdiction under 28 U.S.C. § 1332 "diversity of jurisdiction".

3.    The Court has supplemental jurisdiction over the Plaintiff's Federal Tort Claims under 28 U.S.C. § 1367 (see Monell v. Dept. of Social Services 436 U.S. 658 56 L.Ed 2d 611 98 S.Ct. 2018).

Parties:

4.    The Plaintiff is a pre-trial detainee, held under an alleged unlawful "civil" commitment and fraudulent charging instrument at the Medical Center for Federal Prisoners. Plaintiff claims waiver of the Prison Litigation Reform Act (PLRA), and has been granted such in multiple filings in the Western District of Missouri, Southern Division and in Ruston v. ATF, 05-2314 RMU and Ruston v. Justice Department, 06-0224 D.C. District Courts by the Honorable Judges Kennedy and Robertson (see **Perkins v. Hedrick, 340 F.3d 582 8th Cir. 2003**). Plaintiff is in imminent danger of serious physical injury and harm and has a contract out on his life in which the Defendant is a suspect, as evidenced in F.B.I. file 89B-DL-101826, U.S. Marshal's records in F.O.I.A. #2005USMS8783 and the Dallas Police records maintained by Detective Nick Silva of Protective Services, Dallas P.D. (see Ruston v. Dallas County, Texas et al 06-3057-CV-S-RFD-P and 05-3554-CV-S-RFD-P Western District of Missouri, Southern Division), as well as all N.C.I.C. and investigative records of an African-American male, ex-Marine, last known address 4804 Haverwood Lane #826, Dallas, Texas 75287 as of May of 2004, which is being allegedly aided and abetted

by the Defendants. Further, Plaintiff alleges Defendants are tampering with witnesses in U.S. v. Ruston, 3:04-CR-191-G as extra judicial sources, to obstruct justice in the allegations of "fact" contained herein. Further, Plaintiff was just threatened with battery by forced medication as a direct result of the actions of the Defendant and multiple co-conspirators, most notably Jeffrey Don Elmore, last known employment, the United States Secret Service, with whom the Defendants have conspired since May of 2001.

5.    Defendants are the World Wrestling Entertainment organization, owned by Defendant Vince McMahon, Jr. Plaintiff has filed a complaint to the F.C.C. with regards to similar complaint alleged herein of conspiracy to commit invasion of privacy and has filed a similar complaint against the NBC Television Network in the Southern District of New York, as they have allegedly conspired with these Defendants. Defendant runs an entertainment organization and may be served with process at  1241 East Main Street, Stamford, Connecticut 06902. All allegations were conceived and originated from this address, therefore this jurisdiction is appropriate.

        Facts:

6.    Beginning in the 1980's, the Defendants became aware of the Plaintiff by and through his endeavors in the radio industry in the Dallas, Texas area. In the 1990's, the Plaintiff's comedy character, "The Penguin Man" became locally popular on radio stations owned by Clear Channel Communications. Further, Plaintiff began to obtain local acting jobs in commercials and on the television show "Walker, Texas Ranger", with Chuck Norris.

7.    In 1998, Plaintiff became a litigant in a very high profile lawsuit with a local school district that gained National media exposure, due to allegations of fraud and organized crime in the matter Plano I.S.D. v. Ruston, 380-786-98. Plano Independent School District has caused more suicides than any District in America, due to the insane Methodists running the District while allegedly engaged in organized crime, personally investigated by the Plaintiff and reported to Clear Channel Communications and Fox, ABC, NBC and CBS Television News.

8.    Plaintiff was jailed, repeatedly, by Plano I.S.D. "officials" on fraudulent paperwork, their modus operandi, to cover up "Torture" allegations which resulted in the deaths of multiple individual students and parents. Plaintiff's son attempted suicide while the Plaintiff was illegally jailed in December of 1998.

9.    Defendants became aware of the Plaintiff's potential as an employee of WWF, and did contact the Plaintiff by mail following receipt of his acting resume and head shot. Plaintiff became aware of the allegations of interstate "stalking" when a wrestler named Kurt Angle appeared at the Hooters Resteraunt, in Frisco, Texas on St. Patricks Day of 2000, where Plaintiff's son was working and Plaintiff was frequenting. Plaintiff has no idea how Defendant's became aware of his location, giving rise to allegations of "stalking".

10.   Plaintiff got into a very public fight with his son, following allegations of paragraph nine, which is a matter of Dallas Police records, as 9-11 was called out to Plaintiff's resident hotel on Preston Road in North Dallas on St. Patrick's Day. Said "fight" resulted from actions which occurred at Hooter's Resteraunt, including the alleged "stalking" by Kurt Angle, whom Plaintiff does not know, personally.

11.   In 2001, Plaintiff was illegally stalked and harassed by the United States Secret Service Agent Jeffrey Don Elmore, to aid and abett alleged federal crimes by Collin County officials and Plaintiff's "former" employer, David Hamilton, owner of Jack Boles Services, of Dallas, Texas. In May of 2001, Plaintiff was charged with a false crime by Elmore, in a conspiracy with Defendants, on record in U.S. v. Ruston, 3:01-CR-178-X, dismissed on Plaintiff's birthday, September 17, 2001. Defendants were extra judicial sources that influenced **former** Federal Judge Joe Kendall, whom Plaintiff is a witness

against for the United States Senate Judiciary Committee. Defendants influence as extra judicial sources are "public record" in this matter.

12.   In June of 2002, Plaintiff was released from another illegal jailing in Collin County, Texas by officials of the Plano Independent School District, in retaliation for Plaintiff's investigations and filings. Plaintiff was staying at the Anchor Motel in the 10000 Block of Harry Hines Blvd. in Dallas, Texas, when Plaintiff found a hidden camera and recording equipment. Plaintiff has probable cause to believe said camera was a closed circuit hook-up, and that the Defendant was involved in this invasion of privacy, along with NBC Television Network. One channel of this cable hook up was wrestling programs, with no announcers or sound. Plaintiff confronted the manager, of Indian descent, who stated Plaintiff should contact NBC Television about the room. Plaintiff checked out of the room and filed criminal complaints to both the Dallas Police Department and the Dallas Bureau of the F.B.I.

13.   Plaintiff was then contacted by Clear Channel Communications personell, and told, repeatedly, to go to his "old" apartment, located at 4804 Haverwood Lane, #912, Dallas, Texas 75287. Plaintiff became suspicious, due to the allegations of paragraph 12. Plaintiff began to "investigate" this apartment, and sighted a woman who appeared to be Katie Couric in the apartment. Plaintiff then noticed that the apartment upstairs was leased to "Titan Properties". Plaintiff then was approached by individuals who claimed to be employees of the Defendants at this apartment, The Haverly Place Apartments, both at the swimming pool, where Plaintiff was told to go to "meet" someone from apartment 912.

14.   Said cat and mouse game continued for two weeks in July of 2002. Plaintiff was confronted by a staff employee of the Haverly Place apartments and asked where he lived. Plaintiff explained he was "invited" over by WWF. Said employee then stated that "they don't run this property, we do", and was asked to leave, which Plaintiff did immediately. Plaintiff was also harassed by the Dallas Police Department while conducting a "stake out" at this property attempting to figure out who was behind this action.

15.   Plaintiff was "stalked", repeatedly, following this action, and has probable cause to believe that a tracking device was placed on his vehicle. All attempts to obtain any Government "order" for electronic surveillance has been denied the Plaintiff, on record, in District Court 194 in Dallas County, and all Federal matters in which Plaintiff is involved. Plaintiff has probable cause to believe the Defendants and the United States Secret Service are involved in this "stalking" in retaliation for Plaintiff's status as a witness against them in the matter cited supra. The Secret Service refuse to answer Plaintiff's freedom of information request, and Plaintiff has filed a "Bivens" suit in the D.C. District against Barbara Riggs, Deputy Director of the S.S., due to her involvement in obstruction of justice and the perjured affidavit of Jeffrey Don Elmore. The Plaintiff alleges that the Defendants have aided and abetted all of these allegations of "fact", easily determined by deposition and "discovery", pursuant to the Fed.R.Civ.P. Rule 26-37.

16.   In May of 2004, Plaintiff was investigating the Haverly Place Apartments, again, and an African-American male, ex-Marine attacked and attemtped to murder the Plaintiff both at the complex with an attack dog, reported to 9-11 and management, and at locations in Dallas, reported to Lt. Bill Humphrey, Dallas Police and his Detectives and in Carrollton, Texas, reported to 9-11. All these records are being suppressed by the U.S. Attorney in Dallas, allegedly aided and abetted by the Defendants.

17.   On May 22, 2004, Plaintiff was questioned about all these allegations by Special Agent James K. Ellis of the Dallas F.B.I.  Ellis questioned Plaintiff about Katie Couric and the Haverly Place Apartments. Plaintiff clearly articulated his feelings the apartment was an attempted "entrapment", which violates Title 18 U.S.C. §§ 241 and 2261(a), which Plaintiff alleges with this complaint.

18.   Ellis then conspired, on record, with Jeffrey Don Elmore, to file a fraudulent arrest affidavit, which is violating all Plaintiff's 1st, 4th, 5th, 6th, 8th and 14th Amendment Rights under the U.S. Constitution to this filing. Plaintiff alleges that the Defendants are extra judicial sources who have engaged in fraud with A. Joe Fish, the alleged "Judge" assigned to the matter U.S. v. Ruston, 3:04-CR-191-G, as they did with Joe Kendall. Plaintiff has filed to disqualify Fish for wanton fraud and misconduct, which is "public record" in **IN RE RUSTON** 05-11803 5th Cir. Jan. 2006, pending.

19.   Plaintiff has probable cause to believe that Defendants are conspiring to violate all of Plaintiff's civil and constitutional rights to aid and abett the multiple acts of stalking and fraud which have been perpetrated against the Plaintiff since 1998, for reasons unknown to Plaintiff as the Defendant's contacted Plaintiff by mail and stated that they were impressed with his resume and were looking for a position for him in their organization. Plaintiff has always been a fan of the Defendants, and does not understand any of their actions.

Denial of Due Process:

20.   The actions of the Defendants have caused the repeated denial of Plaintiff's constitutional rights to due process in Dallas Courts, both State and Federal. Alleged "motive" is the allegations of "fact" contained herein. Plaintiff's 1st, 4th, 5th, 6th, 8th and 14th Amendment rights under the U.S. Constitution have been repeatedly violated which will continue if this Honorable Court does not issue injunctive relief.

Claims for Relief:

21.   All of the wanton acts of abuse of process, deceit, misrepresentation, slander, libel and the wanton violations of the Constitutional rights of the Plaintiff have caused the loss of Plaintiff's property, without due process, loss of liberty by fraud, loss of income, loss of employment contracts, denial of due process, and caused the near loss of Plaintiff's life on multiple occasions, plus the near loss of Plaintiff's only son's life, as alleged herein. Said allegations have caused the immeasurable intentional infliction of emotional and mental distress to this filing.

Relief Requested:

Wherefore, Plaintiff does request the Court grant the following relief:

A.   Issue a declaratory judgment stating that:

1. The actions of the Defendants violated State of Texas and Federal laws, which were clearly in place at the time of the allegations of "fact".

2. The actions of the Defendants violated statutory and constitutional rights that any reasonable person should have known.

B.   Issue an injunction ordering all Defendants not to come within 100 feet of the Plaintiff, nor any "agents" of the Defendants to come within 100 feet of the Plaintiff, and that after trial, said "order" will be a permanent restraining order.

C.   Issue an injunction ordering the Defendants to cease and desist the filing of any document with any Court in regards to the Plaintiff, without the matter first being presented to this Honorable Court for investigation, and to cease and desist any further act of fraud or "witness tampering" with regards to the Plaintiff.

D.   Issue an "order" to the F.C.C. to investigate the allegations of invasion of privacy regarding the alleged hidden camera, which Plaintiff has reported to them.

E.    Award compensatory damages to include all costs associated with this litigation, including court costs, attorneys fees and fees for private investigators.

F.    Award punitive damages in the amount of $ 100,000,000.00 (One Hundred Million Dollars) as said allegations have caused immeasurable intentional infliction of emotional and mental distress, caused the destruction of Plaintiff's entertainment career, which was willful and purposeful and caused the near death of the Plaintiff and destruction of his health. Further, Plaintiff intends on leaving the Country and must employ bodyguards for the rest of his life, and Defendants are the direct cause of this "fact" and should therefore bear this cost. Plaintiff has no intention of being "hunted" like an animal by insane people with no respect for Federal Law, nor living in a Country which does not acknowledge his Constitutional Rights, and has not for the past eight years, aided and abetted by the Defendants.

G.    Issue an "order" to the Connecticut Bureau of the F.B.I. to investigate all the allegations of "fact", pursuant to Title 28 U.S.C. § 535, due to the involvement of Federal Officials, most notably judicial officer A. Joe Fish, who is insane, and report findings to the Court and Plaintiff.

H.    Grant such further relief as the Court deems fair and equitable.

I.    Grant a jury trial on all issues triable by jury in Court.

J.    The Court has jurisdiction over the injunctive relief requested above purusant to Title 28 U.S.C. § 2283 & 2284 and has jurisdiction over the declaratory relief requested above pursuant to Title 28 U.S.C. § 2201 & 2202.

Dated: 4-29-06                              Respectfully Submitted,

                                            Lester Jon Ruston #26834-177
                                            a.k.a. "The Bruce"
                                            P.O. Box 4000
                                            Springfield, Missouri 65801-4000

CERTIFICATE OF SERVICE

    A true and correct copy of the foregoing instrument was provided to the clerk of the court on this 5th day of May, 2006, by regular U.S. Mail. Plaintiff is an indigent pre-trial civil detainee and does hereby request assistance with regards to service as such, pursuant to the Fed.R.Civ.P.

                                                        Les J. Ruston

AFFIDAVIT

    My name is Lester Jon Ruston. Affiant is over the age of 18 and is competent to make the following declaration under penalty of perjury. Pursuant to Rule 65 Fed.R.Civ.P. the Affiant does state that all allegations of fact contained in this complaint are true and correct to the best of Affiant's knowledge, State of Texas, State of Missouri, and Federal records, and on record in Ruston v. Fish, 06-3077-CV-S-RED-P Western District of Missouri, Southern Division, sworn to under penalty of law with Affiant's signature affixed, pursuant to Title 28 U.S.C. § 1746. Further, Affiant sayeth naught:

Dated 4-29-06

                                            Declarant Lester Jon Ruston

-5-